0777

GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent v. George H. CARTER, Jr., Appellant.

(349 S. E. (2d) 342)

Court of Appeals

---

*Edward L. Bailey*, Spartanburg, *for appellant.*

*Roy McBee Smith* and *Edwin C. Haskell, III*, of *Law Offices of Roy McBee Smith*, Spartanburg, *for respondent.*

Aug. 18, 1986.

GARDNER, Judge:

General Motors Acceptance Corporation (GMAC) sued George Carter (Carter) for deficiency judgment following the resale of a repossessed automobile; the appealed order granted summary judgment in favor of GMAC. We reverse.

The dispositive issue in this case is whether GMAC compled with Section 36-9-504(3), Code of Laws of South Carolina (1976) of the Uniform Commercial Code relating to notice of sale.

We preface our discussion of the facts and law by observing that in an action for deficiency judgment, a secured party has the burden of proving compliance with all statutory requirements conditioning his right to such judgment, including compliance with the notice provision of Section 36-9-504(3).

Carter purchased a 1981 Chevrolet in May 1981, and financed the purchase through GMAC. Carter defaulted and voluntarily returned the car in September 1982. GMAC then sent Carter the following form letter:

Since you have not made your payments, we have taken your vehicle. It is to be held at M & M Chev., Inc., Spartanburg, S. C. It must be held at least until 9:00 a.m. Sept. 20, 1982. It *may* be sold at any time after that. (A sale includes a lease.) [Emphasis ours.]

To get your vehicle back you must pay all past due payments, plus expenses. Then you must start your monthly payments again. You can get your vehicle back any time until it is sold. As of the date of this letter you must pay:

```
Past Due payments (1 of $266.47) ....... $ 266.47
Late Charges ......................... $    6.50
Expenses .............................      -0-
     Total ........................... $ 272.97
```

*The longer you wait, the more you may have to pay to get your vehicle back.*

Only reasonable expenses may be charged. They must be the direct result of retaking, storing, and selling the vehicle. We can also charge you the costs of getting it ready for sale and reasonable lawyer's fees.

*If the vehicle is sold,* the unpaid balance, expenses, and other liens will be deducted from the sale price. If any money is left, it must be sent to you within 45 days. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

If the sale price is less than the total amount you owe, you still owe the rest. If you have insurance or a service contract through GM, GMAC, MIC or CIM as part of your contract, we will cancel it. Make sure any other coverage you no longer want is canceled. Call the insurance company or the dealer to do this. You have a right to credit for any refunds.

Contact us to get your vehicle back. If you have any questions, let us know.

After September 20 passed, GMAC moved the car to a wholesale lot in Greenville for "inspection by all dealers and members of the public in that area." GMAC received three written bids for the car and sold the car at the highest bidder at a price of $4,500. Upon GMAC's request for admissions, Carter admitted that the automobile was sold at pri-

vate sale, he questions whether GMAC gave the notice required by Section 36-9-504(3).

Section 36-9-504, in pertinent part provides:

> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be *commercially reasonable.* Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale *or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor,* ... [Emphasis ours.]

The purpose of Section 36-9-504(3) is to enable a debtor to protect his interest in the collateral by paying the debt, finding a buyer or being present at the sale to bid on the collateral or have others to do so, to the end that the secured property may not be sacrificed by sale at less than true value. The provision for notice is to be construed and applied in a manner to effectuate its salutary purpose of protecting the debtor. 79 C.J.S. Supp. *Secured Transactions* Section 107 (1974).

The question before us is whether the mortgagee of personal property upon repossession must notify the mortgagor in unambiguous language that the property is to be sold at private sale.

We hold that the notice given by GMAC in this case was insufficient for two reasons.

First, it is generally held that in order to comply with Section 36-9-504(3) a secured party must state whether an intended sale of collateral will be by public sale or private sale; otherwise, the notice is ambiguous and insufficient. *See* Annot., 11 A.L.R. 4th 241, Section 19[a] at 295 and annotated cases therein. The notice given by GMAC in this case does not so state; we, therefore, hold that GMAC failed to comply with Section 36-9-504(3).

Second, GMAC's notice in this case does not convey the message that the property is to be or will be sold; the notice simply says that the automobile may be sold and the balance of the letter deals with what will happen *if* there is a sale. The tenor of the letter is not that there is an intended sale but that there may be a sale and *if* there is a sale GMAC has certain rights. The notice falls short of complying with Section 36-9-504(3) in that it fails to indicate an intent to sell. And we so hold.

For the above-stated reasons, the appealed order granting summary judgment in favor of GMAC is reversed.

Reversed.

GOOLSBY, J., concurs.

CURETON, J., concurs in result only.